IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLOMBO CANDY & TOBACCO WHOLESALE CO., | |
| Plaintiff, | 8:13CV148 |
| vs. | ORDER |
| AMERISTAR CASINO COUNCIL BLUFFS, INC., | |
| Defendant. | |

This matter is before the court on Continental Western Group's (Continental) Motion to Intervene (Filing No. 11). Attached to Continental's Motion to Intervene is a Complaint to Intervene. **See** *id.* Ex. A. The original parties did not file any response to the motion.

## BACKGROUND

This matter arises out of alleged tortious acts committed by Jane Doe, an employee of the plaintiff, Colombo Candy & Tobacco Wholesale Co. (Colombo). **See** Filing No. 1 - Second Amended Complaint p. 63-86.[1] Colombo alleges Jane Doe embezzled or stole four million dollars ($4,000,000) belonging to Colombo. *Id.* at 65-66. Colombo alleges Jane Doe cashed checks and made withdrawals at Ameristar Casino Council Bluff, Inc. (Ameristar) and gambled at Ameristar. *Id.* Colombo generally alleges Ameristar knew Jane Doe gambled with embezzled or stolen money or Ameristar had information that would lead a reasonable person to believe the money was embezzled or stolen. *Id.*

On April 9, 2013, Colombo filed a complaint against Ameristar in the District Court of Douglas County, Nebraska. *Id.* at 1. On April 10, 2013, Colombo filed an amended complaint. *Id.* Ameristar was served with summons and a copy of the Amended Complaint on April 11, 2013.[2] *Id.* Colombo filed a second amended

---

[1] Due to the numerous documents attached to the Notice of Removal (Filing No. 1), the court will use CM/ECF pagination for citation purposes and clarification.

[2] Ameristar states it was never served with the original Complaint. **See** Filing No. 1 - Notice of Removal p. 1.

complaint on April 17, 2013, and served Ameristar with a copy on April 18, 2013. *Id.* at 1-2. On May 9, 2013, Ameristar removed this action to the United States District Court for the District of Nebraska. *Id.* Ameristar's answer is due June 17, 2013. **See** Filing No. 6 - Order (Text).

On May 23, 2013, Continental filed the instant motion. **See** [Filing No. 11](#) - Motion. Continental states it is has an insurance policy with Colombo that includes dishonest employee coverage. **See** [Filing No. 11](#) Ex. A - Complaint to Intervene. Continental states Colombo made a dishonest employee claim and that based on Continental's payment to Colombo pursuant to the insurance policy, Continental has a right to pursue a subrogation interest against third parties responsible for losses paid under the insurance policy. *Id.*

## ANALYSIS

Federal Rule of Civil Procedure 24 provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24. Courts "construe Rule 24 liberally and resolve any doubts in favor of the proposed intervenors." ***United States v. Ritchie Special Credit Inv., Ltd.***, 620 F.3d 824, 831 (8th Cir. 2010). The original parties do not contest the motion to intervene. Continental filed a timely motion to intervene and Continental's intervention does not unduly delay or prejudice the original parties. Further, Continental "claims an interest relating to the property or transaction that is the subject of the action" and therefore has a right to intervene under Fed. R. Civ. P. 24. Accordingly,

**IT IS ORDERED**:

    1.    Continental's Motion to Intervene ([Filing No. 11](#)) is granted. Continental shall have until **June 19, 2013**, to file the Intervenor Complaint.

    2.    The parties shall have until **July 8, 2013**, to meet, confer, and file a planning report with the court pursuant to Federal Rule of Civil Procedure 26(f).

## ADMONITION

Pursuant to [NECivR 72.2](#) any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 12th day of June, 2013.

                                    BY THE COURT:

                                    s/ Thomas D. Thalken
                                    United States Magistrate Judge