IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLOMBO CANDY & TOBACCO WHOLESALE CO., | |
| Plaintiff, | 8:13CV148 |
| vs. | ORDER |
| AMERISTAR CASINO COUNCIL BLUFFS, INC., | |
| Defendant, | |
| UNION INSURANCE, | |
| Intervenor. | |

This matter is before the court on several motions related to the defendant's Motion to Dismiss (Filing No. 13) filed on June 17, 2013. The plaintiff filed a Motion for Leave to Conduct Jurisdictional Discovery, Stay Consideration of Motion to Dismiss, and Stay Order to Meet and Confer or in the alternative, for an Extension of Time to Respond to Defendant's Motion to Dismiss (Filing No. 20). Subsequently, the defendant filed Motion for Leave to Withdraw its Motion to Dismiss for Lack of Personal Jurisdiction (Filing No. 34). The plaintiff filed a brief in response and Unopposed Motion for Extension of Time to File Brief in Opposition to Defendant's Motion to Dismiss (Filing No. 35).

BACKGROUND

On April 17, 2013, the plaintiff, Colombo Candy & Tobacco Wholesale Co. (Colombo), filed a second amended complaint against the defendant, Ameristar Casino Council Bluffs, Inc. (Ameristar), in the District Court of Douglas County, Nebraska. **See** Filing No. 1 - Complaint p. 63-86.[1] Colombo generally alleges a Colombo employee gambled at Ameristar with over $4,000,000 embezzled from Colombo. *Id.* Colombo alleges four causes of action including: (1) aiding and abetting tortious conduct, (2) aiding and abetting breach of fiduciary duty, (3) avoidance and recovery of fraudulent

---

[1] The court uses the automatically generated CM/ECF page identification numbers for reference.

transfers pursuant to the Uniform Fraudulent Transfer Act, and (4) unjust enrichment. *Id.*

On May 9, 2013, Ameristar removed the action to this court. *Id.* - Notice of Removal p. 1-6. Subsequently, on June 17, 2013, Ameristar filed a motion to dismiss Colombo's Second Amended Complaint on three grounds: 1) lack of personal jurisdiction, 2) venue is improper, and 3) Colombo failed to state a plausible claim upon which relief can be granted. **See** [Filing No. 13](). On June 28, 2013, Colombo filed the Motion for Leave to Conduct Jurisdictional Discovery. **See** [Filing No. 20](). Colombo seeks to stay consideration of Ameristar's Motion to Dismiss for a 120-day period to conduct jurisdictional discovery and a 21-day extension thereafter to file a brief in opposition of the Motion to Dismiss. *Id.* Colombo also sought an extension of the deadline to file the parties' Fed. R. Civ. P. 26(f) planning report and to respond to Ameristar's Motion to Dismiss, which the court granted on July 3, 2013. *Id.*; Filing No. 25 - Order. The court held the remainder of Colombo's Motion for Leave to Conduct Jurisdictional Discovery in abeyance pending completion of briefing. **See** Filing No. 25 - Order.

On July 17, 2013, Ameristar filed the Motion for Leave to Withdraw its Motion to Dismiss for Lack of Personal Jurisdiction. **See** [Filing No. 34](). Ameristar seeks leave to withdraw the limited portion of its Motion to Dismiss related to the argument under Fed. R. Civ. P. 12(b)(2) that this court lacks personal jurisdiction over Ameristar. *Id.* Ameristar contends withdrawal of its challenge to personal jurisdiction renders Colombo's Motion for Leave to Conduct Jurisdictional Discovery moot. *Id.* Ameristar states it consents to this court's personal jurisdiction over Ameristar. *Id.* at 1-2. Ameristar maintains its challenge that Colombo's Second Amended Complaint fails to state a plausible claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *Id.* Ameristar does not state whether it maintains its contention that venue is improper.

In response, on July 18, 2013, Colombo states it did not oppose Ameristar's Motion for Leave to Withdraw its Motion to Dismiss for Lack of Personal Jurisdiction. **See** [Filing No. 35](). Additionally, Colombo seeks an extension of time to respond to Ameristar's Motion to Dismiss. *Id.*

## ANALYSIS

The court will allow Ameristar to withdraw its challenge to personal jurisdiction. The withdrawal of Ameristar's challenge to personal jurisdiction and consent to personal jurisdiction renders Colombo's Motion for Leave to Conduct Jurisdictional Discovery moot. Although Ameristar did not state whether it maintains venue is improper, the court presumes Ameristar maintains this challenge. Therefore, the court will consider Ameristar's Motion to Dismiss under the grounds that venue is improper and Colombo's Second Amended Complaint fails to state a plausible claim upon which relief can be granted. The court will also allow Colombo additional time to respond to Ameristar's Motion to Dismiss. Accordingly,

**IT IS ORDERED**:

1. Ameristar's Motion for Leave to Withdraw its Motion to Dismiss for Lack of Personal Jurisdiction (Filing No. 34) is granted. Ameristar's challenge to personal jurisdiction is deemed withdrawn from Ameristar's Motion to Dismiss (Filing No. 13).

2. Colombo's Unopposed Motion for Extension of Time to File Brief in Opposition to Defendant's Motion to Dismiss (Filing No. 35) is granted. Colombo shall have until **August 2, 2013**, to file a response. Ameristar shall have until **August 12, 2013**, to file a reply.

3. Colombo's Motion for Leave to Conduct Jurisdictional Discovery, Stay Consideration of Motion to Dismiss, and Stay Order to Meet and Confer or in the alternative, for an Extension of Time to Respond to Defendant's Motion to Dismiss (Filing No. 20) is denied as moot.

Dated this 19th day of July, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge