# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLOMBO CANDY & TOBACCO WHOLESALE CO. d/b/a COLOMBO DISTRIBUTION,<br><br>        Plaintiff,<br><br>v.<br><br>AMERISTAR CASINO COUNCIL BLUFFS, INC.,<br><br>        Defendant,<br><br>v.<br><br>UNION INSURANCE,<br><br>        Intervenor. | CASE NO. 8:13-cv-00148-LSC-TDT |

## **STIPULATION FOR PROTECTIVE ORDER**

      WHEREAS, the parties to this proceeding, Colombo Candy & Tobacco Wholesale Co., d/b/a Colombo Distribution, Ameristar Casino Council Bluffs, Inc, and Union Insurance (referred to herein individually as "Party," or collectively as "Parties"), wish to protect certain confidential documents and information from public dissemination and agree to prevent such dissemination pursuant to the terms of the following Stipulated Protective Order;

      The Parties anticipate that they will produce each respective Party's proprietary business records; financial records and documents, including tax filings or records; personnel files; customer records and files; business plans and pro forma statements; and/or trade secrets that are not otherwise publicly available (hereinafter, collectively referred to as "Confidential Information").

      WHEREAS Confidential Information should not be released into the public domain, but rather should be treated as confidential pursuant to the privacy interests of the Parties;

WHEREAS the Parties, through counsel, have agreed to be bound by this Stipulated Protective Order and consent to the entry of this Stipulated Protective Order to prevent unnecessary disclosure or dissemination of Confidential Information.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that the terms and conditions of this Stipulated Protective Order shall govern the handling of the documents and other information produced by any Party:

1. This Stipulated Protective Order is entered for the purposes of this case and shall remain in full force and effect unless modified by an Order of this Court. Without limiting the foregoing, this Stipulated Protective Order shall survive and remain in full force and effect after the termination of this litigation.

2. This Stipulated Protective Order shall become effective upon the signature of the Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

3. Nothing in this Stipulated Protective Order shall limit or preclude the Parties from applying to the Court to modify the terms herein, or for further or additional protective orders as the Court may deem appropriate.

4. When used in this Stipulated Protective Order, the word "documents" means all written, recorded, graphic, or Electronically Stored Information whatsoever including, but not limited to, documents produced by a producing Party to this action whether pursuant to Federal Rules of Civil Procedure 34, a subpoena, or by agreement.

5. For purposes of this Stipulated Protective Order, the term "Party" includes a Party's agents, attorneys, directors, employees, members, officers and partners.

6. Portions of documents and materials produced or provided by any Party and that are marked "CONFIDENTIAL" shall be considered confidential material so long as such materials fall within the above definition of "Confidential Information". The producing Party shall designate clearly on any document or other material produced that its contents should be confidential, by labeling or identifying each document or other material as "CONFIDENTIAL."

7. Confidential Information shall not include documents or information that a Party acquired from, or made available to, a third party or non-party to this suit, which documents or information, at the time of acquisition by, or transmittal to, the possessing

Party to or from the third party or non-party, were not subject to a separate express, written protective order or confidentiality agreement between the possessing Party and the third party or non-party, or unless such documents or information is Confidential Information.

      8.    Documents labeled or identified as "CONFIDENTIAL" shall be revealed only to and used by:

      a.    This Court and its staff/personnel;

      b.    Parties and counsel for Parties, along with those employed by counsel;

      c.    Any arbitrator, mediator, or other alternative dispute resolution facilitator in front of whom the Parties agree to appear or are ordered to appear;

      d.    Independent experts or consultants retained by counsel or Parties, and deposition or trial witnesses who may examine "CONFIDENTIAL" materials in connection with discovery and the presentation of evidence in court proceedings in this matter, and who, before receiving such materials or information, have signed a Nondisclosure Agreement in the form attached as Exhibit "A", certifying that they have read this Stipulated Protective Order and agree to be bound by its terms;

      e.    Third-party vendors retained by the Parties or their counsel who are involved in one or more aspects of copying, reproducing, coding, or storing discovery materials;

      f.    Persons actually deposed or called to testify at hearings or trial concerning such Confidential Information; and,

      g.    Such other persons as the Court may specifically approve after notice and hearing.

      9.    No access to Confidential Information shall be provided to any expert or consultant, as identified in Paragraph 8(d) herein, until the individual to be accorded access has signed a Nondisclosure Agreement in the form attached as Exhibit "A", certifying that they have read this Stipulated Protective Order and agree to be bound by

its terms. This Stipulated Protective Order shall not be construed to allow discovery or compel disclosure of the identities of, or any other non-discoverable information regarding, non-testifying or consulting experts.

10. No "CONFIDENTIAL" material may be used by any recipient or disclosed to anyone for any purpose other than in connection with this action and shall not be disclosed by the recipient to anyone other than those persons designated above, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties or by Order of the Court.

11. If timely corrected, an inadvertent failure to designate qualified information or materials as "CONFIDENTIAL" does not, standing alone, waive any Party's right to secure protection for such material. If information or material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions herein.

12. Acceptance by a Party of any information, document or thing identified as "CONFIDENTIAL" hereunder does not waive the receiving Party's right to contest or challenge the other Party's claim that the information, document or thing is confidential. Any Party may bring before the Court the question of whether particular information designated as "CONFIDENTIAL" is in fact Confidential Information. However, the Parties shall agree to attempt to resolve any such disputes prior to bringing them to the Court. Until the Court has ruled on any disputed designations of confidentiality, the Parties shall treat information and documents properly designated as "CONFIDENTIAL" by another Party as such. Nothing herein shall preclude either Party from challenging in court the confidential status of any document. Upon a challenge of confidentiality before the Court, the Party claiming confidentiality of certain information and/or document(s) bears the burden of proving that such information and/or document(s) is Confidential Information.

13. The Parties agree that they shall not mark any information or documents "CONFIDENTIAL" that fall outside the above definition of "Confidential Information."

14.     Should circumstances arise in which any Party wishes to designate as "CONFIDENTIAL" any material or information that is contained in a deposition transcript, the Party shall indicate orally at the time of the deposition which certain parts of the testimony it intends to designate as confidential. Within twenty-one (21) days after receipt of the deposition transcript, the designating Party shall advise the other Parties of the specific portions of the testimony it contends are confidential, unless the Parties agree to an extension of that period of time.  Until the period of time for designation has passed, or until the Court has ruled on any disputed designations of confidentiality, the Parties shall treat the designated portions of any deposition transcripts as "CONFIDENTIAL."

15.     Nothing in this Stipulated Protective Order is intended to limit, enhance or otherwise affect the scope of permissible discovery or the use or admissibility of evidence at trial.  This Stipulated Protective Order is not intended to eliminate, or provide additional, objections or defenses to discovery, including any such objections or defenses based on any legally recognized privileges or protections.

16.     If a non-party, by subpoena or otherwise, provides or produces documents or information containing Confidential Information, any Party may designate such documents or information as "CONFIDENTIAL" within ten (10) days of being notified of the production, and the document or information shall then be subject to the terms of this Stipulated Protective Order.  Except as outlined herein, this Stipulated Protective Order does not confer any additional rights or obligations on a non-party that is called upon to produce documents or information containing Confidential Information.

17.     Upon final disposition of this matter by a court of competent jurisdiction or upon conclusion of any settlement, all Confidential Information furnished or produced under the terms of this Stipulated Protective Order, including all copies thereof and all documents incorporating such information, except all pleadings filed with the Court, all exhibits marked in discovery or at trial, and material which, in the judgment of the attorney in possession of the materials, are work product materials, shall be destroyed or delivered to counsel of the producing Party, unless otherwise agreed in writing. Counsel for the Parties may retain all materials in their files relating to this case, but in so doing must comply with the terms set forth herein, meaning that all Confidential

Information must be retained in confidence under the terms of this Stipulated Protective Order.

18. By complying with this Stipulated Protective Order, no Party waives any right it would otherwise have to object to disclosing or producing records on any ground not addressed herein. Similarly, no Party waives any right to object on any ground to use in evidence or during pretrial discovery or during trial of Confidential Information.

19. Any waiver under this Stipulated Protective Order must be made in writing or, if at a deposition or in Court, on the record.

Dated this 3rd day of February, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

Stipulated as to form and substance:

| | |
|---|---|
| COLOMBO CANDY & TOBACCO WHOLESALE CO., d/b/a COLOMBO DISTRIBUTION, Plaintiff | AMERISTAR CASINO COUNCIL BLUFFS, INC., Defendant |
| By: *[signature]* <br> Jill Robb Ackerman, #17623 <br> Kenneth W. Hartman, #21954 <br> Baird Holm LLP <br> 500 Woodmen Tower <br> 1700 Farnam Street <br> Omaha, NE 68102-2068 <br> (402) 636-8304 <br> THEIR ATTORNEYS | By: *[signature]* <br> Tiernan T. Siems, #21328 <br> Matthew B. Reilly, #24186 <br> Erickson Sederstrom, P.C. <br> 10330 Regency Parkway Drive, Suite 100 <br> Omaha, NE 68114 <br> (402) 397-2200 <br> ITS ATTORNEYS |

UNION INSURANCE.,
Defendant

By: *[signature]*
Jeffrey A. Nix, #23842
Pansing Hogan Ernst & Bachman LLP
10250 Regency Circle, Suite 300
Omaha, NE 68114
ITS ATTORNEY

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLOMBO CANDY & TOBACCO WHOLESALE CO. d/b/a COLOMBO DISTRIBUTION,<br><br>      Plaintiff,<br><br>v.<br><br>AMERISTAR CASINO COUNCIL BLUFFS, INC.,<br><br>      Defendant,<br><br>v.<br><br>UNION INSURANCE,<br><br>      Intervenor. | CASE NO. 8:13-cv-00148-LSC-TDT<br><br><br><br>**NONDISCLOSURE AGREEMENT** |

    I, _____, do hereby acknowledge that I have received and read the Stipulated Protective Order entered in the above entitled case. I understand the terms of that Stipulated Protective Order, and I agree to be bound by its terms and to be subject to the jurisdiction of this Court for enforcement of all terms of the Stipulated Protective Order and for judicial action for any violation of the Stipulated Protective Order.

    DATED this \_\_\_\_ day of _____, 201\_\_.

                                              _____

STATE OF _____ )
                  ) ss.
COUNTY OF _____)

Subscribed and sworn to before me this \_\_\_ day of _____, 2014.

                                          _____
                                          Notary Public